UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD DONALD BURLEY,

    Plaintiff

v.

MICHELLE WILLIAMS,
RANDALL HAAS,
GEORGE STEPHENSON,
UNKNOWN JENKINS-GRANT,
ARUS S. WILLIAMS, *et al*.

    Defendants.

_____/

Case No. 2:18-CV-12239
District Judge Avern Cohn
Magistrate Judge Anthony P. Patti

# **ORDER GRANTING PLAINTIFF'S MOTION TO SUPPLEMENT THE RECORD (DE 33), GRANTING DEFENDANTS' MOTION FOR A PROTECTIVE ORDER STAYING DISCOVERY (DE 28), and CONDITIONALLY GRANTING PLAINTIFF'S MOTION TO COMPEL DISCOVERY (DE 34)**

**A.    Background**

Edward Donald Burley is currently incarcerated at the MDOC's Oaks Correctional Facility (ECF), where he is serving a sentence imposed on February 22, 2006 in Case No. 04013795-FC-A (Genesee County).[1] On July 17, 2018, while incarcerated at Parnall Correctional Facility (SMT), Burley filed the instant lawsuit against Macomb Correctional Facility (MRF) Defendants: **(a)** Michelle

---

[1] *See* www.michigan.gov/corrections, "Offender Search," last visited June 3, 2019.

Williams-Ward, an Assistant Resident Unit Supervisor (ARUS); **(b)** Warden Randall Haas; **(c)** Deputy Warden George Stephenson; **(d)** Regina Jenkins-Grant, a Resident Unit Manager (RUM); and, **(e)** seemingly, "S. Williams," or Carylon Williams. (DE 1 at 1-3, 7, 17; *see also* DE 16.)

Plaintiff claims to have arrived at MRF on March 26, 2015. (DE 1 at 17, DE 27 at 24 ¶ 1.) Although the organization of his complaint makes it difficult to discern his claims, the allegations against Defendants at least involve: **(a)** Plaintiff's attempts to send out legal mail on April 10, 2015 and June 12, 2015; **(b)** his attempt to send Step III grievance appeals (MRF-15-06-01174-12d4 and MRF-15-07-012040-12I) on September 25, 2015; and, **(c)** contact and/or communication with prisoner Christopher Snow. (DE 1 at 6-7, 17; *see also* DE 25-34, 37.)

On November 5, 2018, Judge Cohn referred this case to me for pretrial matters. As set forth in the Court's January 4, 2019 scheduling order: **(1)** dispositive motions based upon Fed. R. Civ. P. 12, exhaustion and/or qualified immunity were to be filed no later than Friday, March 8, 2019; **(2)** discovery is to be completed no later than Monday, July 8, 2019; and, **(3)** dispositive motions based upon Fed. R. Civ. P. 56 are to be filed on or before Thursday, August 8, 2019. (DE 18.)[2]

---

[2] Plaintiff's objection to the scheduling order was overruled as moot, although Plaintiff was provided with a copy of my on-line Practice Guidelines. (Jan. 22,

**B.     Prior Dispositive Motion Practice**

On May 31, 2019, I entered a report, which recommended that the Court the Court deny Defendants' January 23, 2019 motion for partial summary judgment and deny Plaintiff's February 12, 2019 motion for a bench trial on the exhaustion dispute. (DE 38.) Thus, Defendants' dispositive motion is now before Judge Cohn.

**C.     Pending Matters**

Currently pending before the Court are: **(1)** the MDOC Defendants' February 22, 2019 motion for a protective order staying discovery (DE 28), regarding which Plaintiff has filed "objections" (DE 30); **(2)** Plaintiff's April 18, 2019 "supplement pleading to complaint" (DE 33); and, **(3)** Plaintiff's April 23, 2019 motion to compel discovery (DE 34), regarding which the MDOC Defendants have filed a response (DE 35) and Plaintiff has filed a reply (DE 37).

**D.     Discussion**

   **1.     Supplementing the record with MDOC Operating Procedure 05.03.118**

As noted above, it appears the alleged events underlying the complaint occurred between April 10, 2015 and March 2016. (DE 1 at 6-7.) Among other

---

2019 Text-Only Order).

things, Plaintiff mentions MDOC Policy Directives, including: **(a)** MDOC PD 03.02.130 ("Prisoner/Parolee Grievances"); **(b)** MDOC PD 05.03.116 ("Prisoners' Access to the Courts"); and, **(c)** MDOC PD 05.03.118 ("Prisoner Mail"). (DE 1 at 9, 21-22; *see also* DE 1 at 23, 33, 36, 39.) Plaintiff also attaches a copy of MDOC Director's Office Memorandum 2013-7 (Prisoner-to-Prisoner Mail). (DE 1 at 38-39.)

Plaintiff's April 18, 2019 filing is titled "supplement pleading to complaint," and cites Fed. R. Civ. P. 15(d). (DE 33 at 1-4.) This rule is properly invoked when a party seeks to "set[] out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented[,]" Fed. R. Civ. P. 15(d); however, it appears that Plaintiff simply seeks to supplement *the record* with MDOC Operating Procedure 05.03.118 ("Expedited Prisoner Legal Mail and Court Filing Fees Process"), effective Dec. 22, 2015. (DE 33 at 1-4, 6-9.)

Upon consideration, Plaintiff's request to supplement the record is **GRANTED**, and the Court will allow MDOC OP 05.03.118 (DE 33 at 6-9) to remain on the record. However, if Plaintiff intends to rely upon MDOC OP 05.03.118 at any point in the future, such as to show that any Defendant "failed to adhere to the strict, clearly defined, procedures set forth in MDOC operating procedures and policy[,]" (*see*, *e.g.*, DE 33 at 4), it will be his obligation to bring it to the Court's attention in his briefing.

### 2. Plaintiff's First Interrogatories and Request for Production of Documents and Requests for Admission

As noted above, the Court's January 4, 2019 scheduling order sets the discovery deadline for July 8, 2019. (DE 18.) On January 18, 2019, Plaintiff served his First Interrogatories and Request for Production of Documents. (*See* DE 28-2 [Nos. 1-8].) Defendants claim to have received these on January 25, 2019. (DE 28 at 2 ¶ 4.) On February 15, 2019, Plaintiff served Requests for Admission on each of the five defendants. (*See* DE 28-3 [Nos. 1-10].) It seems that Defendants received these on February 21, 2019. (DE 28 at 2 ¶ 4.)

#### a. Defendants' motion for protective order

On February 22, 2019 – a point at which Defendants had been in possession of Plaintiff's two aforementioned sets of discovery for less than 30 days – the MDOC Defendants filed a motion for a protective order staying discovery "until the Court renders a decision on Defendants' pending Motion for Partial Summary Judgment (R.23), as well as Plaintiff's Motion for a Bench Trial on the Issue of Exhaustion (R.26.)[.]" (DE 28 at 3.)

Plaintiff opposes this motion and, among other things, contends that Defendants should have filed a timely objection to the Court's scheduling order, urging the Court to "permit discovery as stipulated in this Court's Scheduling Order dated January 4, 2019." (DE 30 at 1-2.) In his related brief, Plaintiff argues that the Court "should not stay discovery as Defendants[] have not met their

burden for good cause, failed to file timely objections, and have engaged in dilatory conduct[,]" in support of which he provides the following, more specific assertions:

> A. MDOC Defendants[] have not demonstrated good cause under Rule 6(b), to substantiate their heavy burden or give this Court reason to exercise its discretion.
>
> B. MDOC Defendants[] failed to comply with the Court's Deadlines, filed a frivolous motion for protecti[ve] order outside the time limits established set forth in the Magistrate's Scheduling Order, and engaged in dilatory conduct intended to prejudice Plaintiff.
>
> C. MDOC Defendants[] failed to take into account that Plaintiff was prevented from exhausting his administrative remedies against Defendant Warden Haas and Deputy Warden [Stephenson], where grievance coordinator Taylor refused to accept his properly filed grievances against Ha[a]s and Stephenson. There exists a reasonable likelihood that Plaintiff will succeed on his exhaustion argument.
>
> D. MDOC Defendants[] are clearly engaged in dilatory tactics, game[s]manship, and impeding Plaintiff's First Amendment right of effective, meaningful, and adequate access to the Court.

(DE 30 at 7-14.)[3]

### b. Plaintiff's motion to compel discovery

---

[3] Plaintiff's requests for Fed. R. Civ. P. 11 sanctions are ill-placed within Plaintiff's response and Plaintiff's motion to compel. (*See* DE 30 at 14, DE 34 at 2.) Any Rule 11 motion for sanctions must be made "separately" and in accordance with Fed. R. Civ. P. 11(c)(2).

On April 23, 2019, Plaintiff filed a motion to compel discovery. (DE 34.) He claims that Defendants "have not responded to any discovery requests . . . ." (DE 34 at 1.) In addition, although he claims that he "effectively opposed with sufficient evidence" Defendants' motion for partial summary judgment, Plaintiff simultaneously argues that he "has been effectively prevented from discovering evidence to oppose [the] Motion for Partial Summary Judgment." (DE 34 at 2.)

On May 15, 2019, outside of the 14 days ordinarily permitted to respond to a non-dispositive motion, *see* E.D. Mich. LR 7.1(e)(2)(B), Defendants filed a response. (DE 35.)[4] Plaintiff filed a reply, wherein, *inter alia*, he point out that Defendants' response is untimely and argues both that "Defendants' motion for a protecti[v]e order is not a proper response to a discovery request[,]" and that "Defendants' argument concerning possible extension of discovery is misplaced in that this Court is not required to extend discovery, and sounds of Defendants dictating this Court's inherent power to control its own docket." (DE 37.)

---

[4] Without addressing the tardiness of their response, Defendants take Plaintiff to task for his "procedurally defective" motion, *i.e.*, failing to comply with E.D. Mich. LR 37.2's requirement that a discovery motion "shall include . . . a verbatim recitation of each interrogatory, request, answer, response, and objection which is the subject of the motion or a copy of the actual discovery document which is the subject of the motion." (DE 35 at 1-2.) The Court declines Defendants' invitation to deny Plaintiff's motion to compel for this procedural defect (DE 35 at 2), in part because at least some of these requests were already part of the record as attachments to Defendants' motion for a protective order staying discovery (DE 28-2, DE 28-3).

### c. Conclusion

Defendants' January 23, 2019 motion for partial summary judgment is based on Plaintiff's alleged failure to: **(i)** exhaust administrative remedies in accordance with 42 U.S.C. § 1997e(a) (DE 23 at 14); and, **(ii)** "state a cognizable claim . . . [,]" presumably based on Fed. R. Civ. P. 12(b)(6) (DE 23 at 2, 4, 21). As noted above, the Undersigned has recommended that the Court deny Defendants' motion.

Meanwhile, the Court will grant Defendants' motion for protective order to stay discovery (DE 28), to the extent it awaits a decision on their pending dispositive motion (DE 23). To prepare for the possibility that the Court accepts the Undersigned's recommendation to deny Defendants' currently-pending motion for partial summary judgment, I will set a date by which Defendants must answer and respond to Plaintiff's January 18, 2019 First Interrogatories and Request for Production of Documents (DE 28-2) and Plaintiff's February 15, 2019 Requests for Admission to each of the five Defendants (DE 28-3).

As for Plaintiff's motion to compel, the Court disagrees with Plaintiff's characterization of Defendants' motion for protective order staying discovery as "a Motion to Modify a Scheduling Order." (DE 34 at 4.) To the extent Plaintiff complains that Defendants did not serve objections to his discovery requests, such as under Fed. Rules Civ. P. 33(b)(4), 34(b)(2)(C) or 36(a)(5) (*see* DE 34 at 2), it is clear that Defendants instead elected to file a motion for protective order as

permitted by Fed. R. Civ. P. 26(c), *i.e.*, the "motion for a protective order was their response to each of Plaintiff's discovery requests." (DE 35 at 3.) With that motion still pending, it is understandable to the Court that Defendants have yet to respond to Plaintiff's discovery requests, "even where [it has] been over two (2) months since [they have] sought a protecti[ve] order." (DE 34 at 1.)

At this point, given my recent recommendation that the Court deny Defendants' motion for partial summary judgment (DE 38), the Court need not consider the parties' statements about the relevance of the requested information (*see* DE 28 at 2 ¶ 4, DE 34 at 6). Instead, the Court will conditionally grant Plaintiff's motion to compel discovery (DE 34). As Defendants have acknowledged in their response, they "would not contest granting Plaintiff an extension of time to file discovery request appropriate to the scope of the case after the exhaustion issue is decided." (DE 35 at 2.)

**E.     Order**

Accordingly, Plaintiff's April 18, 2019 motion to supplement the record (DE 33) is **GRANTED.**  Moreover,

- Defendants' February 22, 2019 motion for protective order to stay discovery (DE 28) is **GRANTED**, but the stay of discovery will automatically lift once the Court rules upon the pending dispositive motion.

- Plaintiff's April 23, 2019 motion to compel discovery (DE 34) is **CONDITIONALLY GRANTED.**  If any portion of Plaintiff's case survives the pending dispositive motion,

9

> Defendants must serve answers and responses to Plaintiff's January 18, 2019 First Interrogatories and Request for Production of Documents (DE 28-2) and Plaintiff's February 15, 2019 Requests for Admission to each of the five Defendants (DE 28-3) within thirty (30) days of the Court's order. <u>Moreover, in light of the delay in Plaintiff obtaining discovery and the stay granted herein, the parties are given an additional **75 days** of discovery beyond the date of any denial by Judge Cohn of the pending motion for summary judgment, with a Rule 56 motion deadline **30 days** after the new discovery cutoff.</u>

Finally, Plaintiff's requests for a hearing (DE 34 at 2, 6-7) are **DENIED**.[5]

    **IT IS SO ORDERED.**

Dated: June 12, 2019                s/*Anthony P. Patti*
                                            Anthony P. Patti
                                            UNITED STATES MAGISTRATE JUDGE

**Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on June 12, 2019, electronically and/or by U.S. Mail.

                                            s/Michael Williams
                                            Case Manager for the
                                            Honorable Anthony P. Patti

---

[5] *See* E.D. Mich. LR 7.1(f)(1) ("The court will not hold a hearing on a motion for rehearing or reconsideration, a motion for reduction of sentence, or a motion in a civil case where a person is in custody unless the judge orders a hearing.").