UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD BURLEY,

    Plaintiffs,

v.                                                       Case No. 18-12239

MICHELLE WILLIAMS-WARD,               HON. AVERN COHN
RANDALL HAAS, GEORGE STEPHENSON,
REGINA JENKINS-GRANT, and CARYLON
WILLIAMS,

    Defendants.

_____/

**ORDER
ADOPTING REPORT AND RECOMMENDATION (Doc. 38)
AND
DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT
(Doc. 23)
AND
DENYING PLAINTIFF'S MOTION FOR BENCH TRIAL ON EXHAUSTION
(Doc. 26)**

I. Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983. In 2018, while incarcerated at Parnall Correctional Facility, plaintiff Edward Burley (Burley) filed a complaint against several Macomb Correctional Facility defendants: (a) Michelle Williams-Ward, an Assistant Resident Unit Supervisor (ARUS); (b) Warden Randall Haas; (c) Deputy Warden George Stephenson; (d) Regina Jenkins-Grant, a Resident Unit Manager (RUM); and, (e) "S. Williams," who later appeared as "Carylon Williams." Burley has been a prolific litigator in both the Eastern and Western district courts.

Burley claims he has been retailed against because of his frequent filing and has been denied his right to access the courts, including not having his legal mail sent out and not being able to communicate with other prisoners. The matter has been referred to a magistrate judge. (Doc. 14). Defendants filed a motion for partial summary judgment, contending that all of Burley's claims but one are not exhausted. (Doc. 23). Burley filed a motion for a bench trial on the issue of exhaustion. (Doc. 26). The magistrate judge issued a report and recommendation (MJRR), recommending that both motions be denied. (Doc. 38).

Before the Court are defendants' objections to the MJRR (Doc. 42). For the reasons that follow, the MJRR will be adopted and both motions will be denied.

## II. Legal Standard

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context. Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 508 (6th Cir. 1991) ("It is arguable in this case that Howard's counsel did not file objections at all.... [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong.").

III. Discussion

Defendants object to the magistrate judge's finding that defendants did not meet their burden of establishing that Burley failed to exhaust his administrative remedies. They raise three arguments. Each is addressed in turn below.

Defendants first say that the magistrate judge erred because he did not address their argument that Burley failed to name certain defendants in his grievances. Defendants are mistaken. The magistrate judge noted that defendants took too narrow of a view of the relevant grievances and time period and found that when considering a broader record, defendants had not met their burden of showing Burley failed to exhaust.[1]

Defendants also say that the magistrate judge erred in recommending that the grievance process was not made available to Burley with respect to some defendants. The magistrate judge, after a careful and thorough review of the record, found that Burley provided evidence to support his argument that he was unable to pursue grievances against some of the defendants. Defendants simply disagree with the magistrate judge's view of the record, contending that Burley's evidence is insufficient. The Court, having reviewed the matter, agrees with the magistrate judge. Burley put forth enough evidence to rebut defendants' contention that Burley failed to exhaust his administrative remedies as a matter of law.

In their final objection, defendants contend that the Court should order a bench

---

[1] As the magistrate judge noted, the motion was based on a failure to exhaust. Therefore, the magistrate judge expressed no opinion on whether any of Burley's claims failed for other reasons, including failure to state a plausible claim.

3

trial on whether Burley was prevented from filing grievances. This argument is surprising because Burley filed such a motion and defendants argued against such relief. Now that the magistrate judge has concluded defendants failed to meet their summary judgment burden, defendants ask for a bench trial. The magistrate judge concluded that a bench trial was not necessary. The Court agrees for the reasons stated by the magistrate judge.

Overall, the Court is satisfied that defendants are not entitled to summary judgment on the grounds that Burley failed to exhaust his administrative remedies.

A final point: the magistrate judge recommends that Burley be permitted leave to clarify his claims against Williams. Defendants have not objected to this recommendation and the Court agrees for the reasons stated in the MJRR that allowing Burley to clarify his claims is appropriate.

## IV. Conclusion

For the reasons stated above, the MJRR is ADOPTED as the findings and conclusions of the Court. Defendants' motion for partial summary judgment is DENIED. Burley's motion for a bench trial is DENIED. Burley may within twenty (20) days file an amended complaint which contains more definite statements of the claims asserted against each defendant in light of the observations in the MJRR.

SO ORDERED.

<u>S/Avern Cohn</u>
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: 7/1/2019
      Detroit, Michigan