UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD DONALD BURLEY,

    Plaintiff

v.

MICHELLE WILLIAMS-WARD,
RANDALL HAAS,
GEORGE STEPHENSON,
REGINA JENKINS-GRANT,
CARYLON WILLIAMS, et al.,

    Defendants.
_____/

Case No. 2:18-cv-12239
District Judge Avern Cohn
Magistrate Judge Anthony P. Patti

**<u>ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (DE 50) and SETTING DEADLINE FOR PLAINTIFF'S RESPONSE TO THE MOTION TO DISMISS (DE 51)</u>**

**A.    Background**

Edward Donald Burley is currently incarcerated at the Michigan Department of Corrections (MDOC) Oaks Correctional Facility (ECF).[1] On July 17, 2018, while incarcerated at Parnall Correctional Facility (SMT), Plaintiff Burley filed the instant lawsuit against several Macomb Correctional Facility (MRF) defendants. (DE 1; *see also* DE 33.) Plaintiff is proceeding *in forma pauperis*. (DE 6.)

---

[1] *See* www.michigan.gov/corrections, "Offender Search," last visited Sept. 4, 2019.

1

Judge Cohn referred this case to me for all pretrial matters. On July 1, 2019, Judge Cohn entered an order adopting my report and recommendation (DE 38), denying Defendant's motion for partial summary judgment (DE 23), and denying Plaintiff's motion for bench trial on exhaustion (DE 26). (DE 44.) In addition, the order provided that "Burley may within twenty (20) days file an amended complaint which contains more definite statements of the claims asserted against each defendant . . . ." (DE 44 at 4.)

B. **Amended Complaint**

On July 24, 2019, the Court entered an order, which, *inter alia*: (1) permitted Plaintiff until Thursday, August 22, 2019 by which to file an amended complaint without leave; and, (2) provided that discovery is to be completed by Monday, February 24, 2020, and dispositive motions are due Tuesday, March 24, 2020. (DE 47 at 2-3.)

On August 12, 2019, Plaintiff filed an amended complaint against named Defendants Michelle Williams-Ward, Randall Haas, George Stephenson, Regina Jenkins-Grant, and Carylon Williams. (DE 49 at 1, 3-5; *see also* DE 16.)[2] The alleged facts underlying Plaintiff's complaint begin with his March 26, 2015 arrival at MRF and continue through a June 12, 2015 refusal to process his legal

---

[2] As such, "S. Williams" has been terminated as a Defendant. Also, while the caption of Plaintiff's amended complaint lists "et al.," "[t]he title of the complaint must name all the parties[.]" Fed. R. Civ. P. 10(a).

mail. (DE 49 ¶¶ 16-25.) Plaintiff's claims for relief are based upon (1) First Amendment access to courts; (2) First Amendment retaliation; and, (3) Fourteenth Amendment equal protection. (DE 49 ¶¶ 26-54.) Among Plaintiff's requests for relief are referral to the Pro Se Early Mediation Program, as well as awards of compensatory and punitive damages. (DE 49 at 19-20.)

### C. Pending Motions

Currently before the Court is Plaintiff's August 12, 2019 motion for appointment of counsel. (DE 50.) In support of his motion, Plaintiff contends, *inter alia*, that he is "severely hearing impaired . . . [,]" "confined to a protection cell for 23 hours a day," "unable to adequately utilize the law library as the Protection Unit only has a 'mini-library[,]'" "severely indigent," and "unable to conduct a deposition or bear his burden for discovery." (*Id*. at 1-3.) He anticipates a "very challenging" litigation process and contends that his protective custody and hearing impairment "drastically impact[] [his] ability to research and gather meaningful evidence for trial." (*Id*. at 2, 5.) In Plaintiff's view, Defendants "will be less prone to improperly represent the case i[f] an attorney is appointed." (*Id*. at 4.)

### D. Standard

As a preliminary matter, the Court does not have the authority to appoint a private attorney for Plaintiff in this civil matter. Proceedings *in forma pauperis*

are governed by 28 U.S.C. § 1915, which provides that "[t]he court *may request* an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). However, even if the circumstances of Plaintiff's case convinced the Court to engage in such a search, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to ***recruit counsel*** under 28 U.S.C. § 1915(e)(1)." *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014) (emphasis added); *see also Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) ("Congress hasn't provided lawyers for indigent prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases."). The appointment of counsel in a civil case, therefore, "is a privilege not a right." *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (internal quotation omitted).

The Supreme Court has held that there is a presumption that "an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty." *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 26-27 (1981). With respect to prisoner civil rights cases in particular, the Court of Appeals for the Sixth Circuit has held that "there is no right to counsel. . . . The appointment of counsel in a civil proceeding is justified only by exceptional circumstances." *Bennett v. Smith,* 110 F. App'x 633, 635 (6th Cir. 2004)

(citations omitted).³ Accordingly, although the Court has the statutory authority to request counsel for *pro se* plaintiffs in civil cases under 28 U.S.C. § 1915(e), the exercise of this authority is limited to exceptional situations.

In evaluating a matter for "exceptional circumstances," a court should consider: (1) the probable merit of the claims, (2) the nature of the case, (3) the complexity of the legal and factual issues raised, and (4) the ability of the litigant to represent him or herself. *Lince v. Youngert*, 136 F. App'x 779, 782 (6th Cir. 2005); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993); *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003).

### E. Analysis

Applying the foregoing authority, Plaintiff has not described any circumstances to justify a request for appointment of counsel at this time. First, although Plaintiff's original complaint survived Defendants' January 23, 2019 motion for partial summary judgment, Plaintiff has since filed an "amended civil complaint/more definite statement," discovery is to conclude on February 24, 2020, and dispositive motions are due on March 24, 2020. (DEs 49, 47.) In fact, on September 3, 2019, MDOC Defendants' Haas, Stephenson and Jenkins-Grant filed a motion to dismiss, wherein they argue that "Burley has failed to make

---

³ As noted above, although some of the case law colloquially discusses the Court's "appointment" of counsel in prisoner rights cases, under 28 U.S.C. § 1915 the Court may only request that an attorney represent an indigent plaintiff.

sufficient allegations that MDOC Defendants Haas, Stephenson, and Jenkins-Grant were personally involved in any unconstitutional conduct." (DE 51 at 4.) Generally, due to the limited number of *pro bono* counsel who are willing and available and the large number of prisoners who would like the help of volunteer attorney services, the Court waits to seek *pro bono* counsel for Plaintiff until the dispositive motion deadline has passed and/or any of Plaintiff's claims survive dispositive motion practice.

Second, even if Plaintiff is "severely hearing impaired," and even if, as a prisoner, he anticipates a "very challenging" litigation process, Plaintiff has achieved a fair amount of success on his six previously-filed motions. Specifically, one has been denied, two have been granted in part, and three have been either granted or conditionally granted. (DEs 26, 31, 33, 34, 40, 45; *see also* DEs 44, 32, 39, 47.) Thus, Plaintiff has on numerous occasions illustrated his ability to articulate and adequately communicate his requests to the Court. Moreover, until there is a trial or a hearing, most of the efforts made in this litigation will be in writing; so, Plaintiff's hearing impairment should not substantially interfere with his ability to represent himself at this stage of the proceedings. <u>In order to accommodate for this disability during discovery, Defendants are directed to ascertain what special services, such as hearing</u>

enhancement equipment or use of a sign language interpreter, will be necessary for Plaintiff's participation in any deposition, and to provide for the same.

Finally, while the allegations underlying Plaintiff's amended complaint concern, among other things, access to the courts, there is no indication that Plaintiff will be deprived of his *physical liberty* over and above his current sentence if he loses this civil case.[4] By the time of the 2015 events underlying Plaintiff's current case, his related petition for a writ of habeas corpus had already been subjected to thorough scrutiny by Judge Cohn, which resulted in a 28 page memorandum and order and a judgment, as well as two Sixth Circuit orders. *Burley v. Prelesnik*, Case No. 2:11-cv-11258-AC-MJH (E.D. Mich.) (DEs 39, 40, 60, 61).

**F.    Order**

Upon consideration, Plaintiff's August 12, 2019 motion for appointment of counsel (DE 50) is **DENIED WITHOUT PREJUDICE**. Plaintiff may petition the Court for the recruitment of *pro bono* counsel if this case survives dispositive motion practice, proceeds to trial, or other circumstances demonstrate such a need in the future.

---

[4] Plaintiff is currently serving a sentence imposed on February 22, 2006 in Case No. 04013795-FC-A (Genesee County), which followed a plea for a November 30, 2003 violation of Mich. Comp. Laws § 750.529 ("Use or possession of dangerous weapon; aggravated assault; penalty.").

Plaintiff's response to the pending dispositive motion (DE 51) is due on or before **Friday, October 4, 2019**.

**IT IS SO ORDERED.**

Dated: September 5, 2019        s/*Anthony P. Patti*
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

**Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on September 5, 2019, electronically and/or by U.S. Mail.

       s/Michael Williams
       Case Manager for the
       Honorable Anthony P. Patti