UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD DONALD BURLEY,

    Plaintiff

v.

MICHELLE WILLIAMS-WARD,
RANDALL HAAS,
GEORGE STEPHENSON,
REGINA JENKINS-GRANT,
CARYLON WILLIAMS, et al.,

    Defendants.
_____/

Case No. 2:18-cv-12239
District Judge George Caram Steeh
Magistrate Judge Anthony P. Patti

### ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR THE COURT TO RECRUIT PRO BONO COUNSEL (ECF No. 71)

**A.**     **Background**

Edward Donald Burley is currently incarcerated at the Michigan Department of Corrections (MDOC) Ionia Correctional Facility (ICF).[1] On July 17, 2018, while incarcerated at Parnall Correctional Facility (SMT), Plaintiff Burley filed the instant lawsuit against several Macomb Correctional Facility (MRF) defendants. (ECF No. 1; *see also* DE 33.) Plaintiff is proceeding *in forma pauperis*. (ECF No. 6.) This case has been referred to me for all pretrial matters. (ECF Nos. 14, 65.)

---

[1] (*See* ECF No. 55; www.michigan.gov/corrections, "Offender Search," last visited Jan. 5, 2021.)

1

On August 12, 2019, Plaintiff filed an amended complaint against named Defendants Michelle Williams-Ward, Randall Haas, George Stephenson, Regina Jenkins-Grant, and Carylon Williams.  (ECF No. 49 at 1, 3-5; *see also* DE 16.)[2]  The alleged facts underlying Plaintiff's complaint begin with his March 26, 2015 arrival at MRF and continue through a June 12, 2015 refusal to process his legal mail.  (ECF No. 49 ¶¶ 16-25.)  Plaintiff's claims for relief are based upon (1) First Amendment access to courts; (2) First Amendment retaliation; and, (3) Fourteenth Amendment equal protection.  (ECF No. 49 ¶¶ 26-54.)  Among Plaintiff's requests for relief are referral to the Pro Se Early Mediation Program, as well as awards of compensatory and punitive damages.  (ECF No. 49 at 19-20.)

On August 28, 2020, Judge Steeh entered an order granting in part and denying in part the MDOC Defendants' September 3, 2019 motion to dismiss.  (ECF No. 59.)  On October 5, 2020, he entered an order granting Defendants' motion for leave to conduct discovery and file a second motion for summary judgment.  (ECF No. 64.)

On October 23, 2020, Defendants filed a motion to amend the scheduling order.  (ECF No. 68.)  I granted this motion on October 26, 2020, although I also noted that no further extensions would be permitted.

---

[2] As such, "S. Williams" has been terminated as a Defendant.  Also, while the caption of Plaintiff's amended complaint lists "et al.," "[t]he title of the complaint must name all the parties[.]"  Fed. R. Civ. P. 10(a).

2

The Undersigned certified completion of pretrial proceedings. (ECF No. 61.) However, on September 4, 2020, Defendants filed a motion to conduct limited discovery and for leave to file a second motion for summary judgment. (ECF No. 63.) On October 26, 2020, Judge Steeh denied Plaintiff's motion for reconsideration. (ECF No. 69.)[3]

### B. Pending Motions

On two separate occasions, once in 2019 and again in 2020, the Court has denied without prejudice Plaintiff's motions to appoint counsel. (ECF No. 50, 53, 56 and 64.) Currently before the Court is Plaintiff's third such request – his October 30, 2020 motion for the Court to recruit *pro bono* counsel. (ECF No. 71.) He contends that "clear extraordinary circumstances exist," as he "has been and continues to be denied access to legal research, materials, and other information necessary to litigate his case in this Court[,]" seemingly due to a COVID-19 related lockdown at ICF that began October 21, 2020. (ECF No. 71, PageID.732.) It is undisputed that, at least as of October 22, 2020, ICF was "in isolation lockdown for an unknown timeframe." (ECF No. 68, PageID.718.)

### C. Standard

---

[3] On October 30, 2020, Plaintiff filed a response (ECF No. 70), which, *inter alia*, seems to question the Court's October 5, 2020 order (ECF No. 64), if not also the October 26, 2020 order (ECF No. 69).

Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that "[t]he court **may request** an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). However, even if the circumstances of Plaintiff's case convinced the Court to engage in such a search, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to **recruit counsel** under 28 U.S.C. § 1915(e)(1)." *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014) (emphasis added); *see also Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) ("Congress hasn't provided lawyers for indigent prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases."). The appointment of counsel in a civil case, therefore, "is a privilege not a right." *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (internal quotation omitted).

The Supreme Court has held that there is a presumption that "an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty." *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 26-27 (1981). With respect to prisoner civil rights cases in particular, the Court of Appeals for the Sixth Circuit has held that "there is no right to counsel. . . . The appointment of counsel in a civil proceeding is justified only by exceptional circumstances." *Bennett v. Smith,* 110 F. App'x 633, 635 (6th Cir. 2004)

4

(citations omitted).[4] Accordingly, although the Court has the statutory authority to request counsel for *pro se* plaintiffs in civil cases under 28 U.S.C. § 1915(e), the exercise of this authority is limited to exceptional situations.

In evaluating a matter for "exceptional circumstances," a court should consider: (1) the probable merit of the claims, (2) the nature of the case, (3) the complexity of the legal and factual issues raised, and (4) the ability of the litigant to represent him or herself. *Lince v. Youngert*, 136 F. App'x 779, 782 (6th Cir. 2005); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993); *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003).

### D. Analysis

Applying the foregoing authority, Plaintiff has not described any circumstances to justify a request for appointment of counsel at this time. To be sure, Plaintiff makes several points in his favor. Setting aside his mention of a declaration in support of this motion, which the Court has not been able to locate, Plaintiff claims that his "extraordinary circumstances" include: (1) "legal materials . . . being illegally withheld from [him] for prolonged periods of time;" (2) he is "being denied any access to conduct legal research due to a COVID-19 'Lockdown'[;]" and, (3) he has "absolutely no ability to research Defendants[']

---

[4] As noted above, although some of the case law colloquially discusses the Court's "appointment" of counsel in prisoner rights cases, under 28 U.S.C. § 1915 the Court may only request that an attorney represent an indigent plaintiff.

Brief['s] Case Law citations[,]" such as Defendants' October 23, 2020 response (ECF No. 67) or Defendants' October 23, 2020 motion (ECF No. 68). (*Id*., PageID.734.) Moreover, he claims that he will require "classified MDOC documents to substantiate his Fourteenth Amendment Equal Protection Claim," specifically "Legal Disbursement Authorization[s] from minority prisoners" to demonstrate that Defendant Williams-Ward "processed similar legal disbursements for African American and Latino prisoners[,]" in support of which he cites *White v. Jindal*, No. 13-CV-15073, 2015 WL 181670, at *8 (E.D. Mich. Jan. 14, 2015) (Majzoub, M.J.) ("grant[ing] Plaintiff's Motion to Appoint Counsel[,]" while noting that, "[o]nce counsel has been appointed, Defendants will produce [other inmates' disciplinary records] to Plaintiff's counsel for attorneys eyes only."). (ECF No. 71, PageID.734-735.)

    Nonetheless, however unfortunate the consequences of confinement in the midst of a pandemic are to Plaintiff's ability to litigate, although excepting the allegation that his legal materials "are being illegally withheld," the same circumstances likely apply to any currently confined prisoner litigant. Moreover, neither the discovery deadline nor the dispositive motion deadline has expired. Although Plaintiff's original complaint survived Defendants' January 23, 2019 motion for partial summary judgment (ECF No. 1, 23, 44), and although Plaintiff's now-operative pleading survived Defendants' September 3, 2019 motion to

dismiss (ECF Nos. 49, 51, 59), the Court has since granted Defendants' motion for leave to conduct discovery and file a second motion for summary judgment (ECF Nos. 63, 64).  Moreover, on October 26, 2020, by way of a text-only order, the Undersigned granted Defendants' motion to amend the scheduling order (ECF No. 68) and set the discovery deadline for March 15, 2021 and the dispositive motion cut-off for April 15, 2021.  Generally, due to the limited number of *pro bono* counsel who are willing and available and the large number of prisoners who would like the help of volunteer attorney services, the Court waits to seek *pro bono* counsel for Plaintiff until the dispositive motion deadline has passed and/or any of Plaintiff's claims survive dispositive motion practice.

### E.    Order

Upon consideration, Plaintiff's October 30, 2020 motion for the Court to recruit pro bono counsel (ECF No. 71) is **DENIED WITHOUT PREJUDICE**. Plaintiff may petition the Court for the recruitment of *pro bono* counsel if this case survives the anticipated dispositive motion practice, proceeds to trial, or other circumstances demonstrate such a need in the future.  Notwithstanding this ruling, and although the Undersigned's October 26, 2020 text-only order provided that no further extensions would be permitted, in light of the continued circumstances of the COVID-19 pandemic and the allegations Plaintiff makes within the instant motion, if needed, the parties are encouraged to engage in discussion about and

attempt to agree to: (1) an extension of dates; or, (2) a stay of the present action until Plaintiff has the access he needs to engage in this litigation.

**IT IS SO ORDERED.**

Dated: January 6, 2021

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE