UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD DONALD BURLEY,

        Plaintiff

v.

MICHELLE WILLIAMS-WARD,
RANDALL HAAS,
GEORGE STEPHENSON,
REGINA JENKINS-GRANT,
CARYLON WILLIAMS, et al.,

        Defendants.

_____/

Case No. 2:18-cv-12239
District Judge George Caram Steeh
Magistrate Judge Anthony P. Patti

## ORDER GRANTING PLAINTIFF'S MOTION TO STAY PROCEEDINGS (ECF No. 73)

### A.    Operative Pleading

Edward Donald Burley is currently incarcerated at the Michigan Department of Corrections (MDOC) Ionia Correctional Facility (ICF).[1] On August 12, 2019, Plaintiff filed an amended complaint against named Defendants Michelle Williams-Ward, Randall Haas, George Stephenson, Regina Jenkins-Grant, and Carylon Williams, each of whom appears to be associated with the MDOC's Macomb Correctional Facility (MRF). (ECF No. 49, PageID.449-551; *see also* DE

---

[1] (*See* ECF No. 55; www.michigan.gov/corrections, "Offender Search," last visited Apr. 11, 2021.)

1

16.)² The alleged facts underlying Plaintiff's complaint begin with his March 26, 2015 arrival at MRF and continue through a June 12, 2015 refusal to process his legal mail. (ECF No. 49 ¶¶ 16-25.)

Plaintiff's claims for relief are based upon (1) First Amendment access to courts; (2) First Amendment retaliation; and, (3) Fourteenth Amendment equal protection. (ECF No. 49 ¶¶ 26-54.) Among Plaintiff's requests for relief are referral to the Pro Se Early Mediation Program, as well as awards of compensatory and punitive damages. (ECF No. 49 at 19-20.)

### B. Procedural Posture

On August 28, 2020, Judge Steeh entered an order granting in part and denying in part the MDOC Defendants' September 3, 2019 motion to dismiss. (ECF No. 59.) The Court having adopted the Undersigned's report and recommendation, "only the claims against Defendants M. Williams-Ward and C. Williams and the First Amendment retaliation claim against Defendants Stephenson and Haas . . . remain." (ECF No. 58, PageID.659.)

On October 5, 2020, Judge Steeh entered an order granting Defendants' motion for leave to conduct discovery and file a second motion for summary

---

² As such, "S. Williams" has been terminated as a Defendant. Also, while the caption of Plaintiff's amended complaint lists "et al.," "[t]he title of the complaint must name all the parties[.]" Fed. R. Civ. P. 10(a).

2

judgment. (ECF No. 64.) Judge Steeh then referred this case to me for all pretrial matters. (ECF No. 65.)

On October 26, 2020, I extended the discovery deadline to March 15, 2021 and the dispositive motion cut-off to April 15, 2021 and also noted that no further extensions would be permitted.[3]

### C.     Plaintiff's pending motion to stay proceedings

On three separate occasions, once in 2019 and twice in 2020, Plaintiff has requested the appointment or recruitment of counsel. (ECF Nos. 50, 56, 71.) In each case, the Court has denied Plaintiff's motions without prejudice. (ECF No. 53, 64, 72.) The latest of these orders provided, in part:

> Notwithstanding this ruling, and although the Undersigned's October 26, 2020 text-only order provided that no further extensions would be permitted, in light of the continued circumstances of the COVID-19 pandemic and the allegations Plaintiff makes within the instant motion, if needed, the parties are encouraged to engage in discussion about and attempt to agree to: (1) an extension of dates; or, (2) a stay of the present action until Plaintiff has the access he needs to engage in this litigation.

(ECF No. 72, PageID.743-744.)

Currently before the Court is Plaintiff's motion to stay proceedings, which is dated February 28, 2021 but filed effective March 1, 2021, the date it was post-

---

[3] On October 30, 2020, Plaintiff filed a response (ECF No. 70), which, *inter alia*, seems to question the Court's October 5, 2020 order (ECF No. 64), if not also the Court's October 26, 2020 order (ECF No. 69).

3

marked.  (ECF No. 73.)

### D. Discussion

There are multiple reasons to grant Plaintiff's request.  First, Plaintiff's motion is unopposed.  "A respondent opposing a motion must file a response, including a brief and supporting documents then available."  E.D. Mich. LR 7.1(c)(1).  To date, *i.e.*, six weeks later, no response has been filed.  *See* E.D. Mich. LR 7.1(e) ("Briefing Schedule.").  Moreover, this apparent lack of opposition is consistent with Plaintiff's claim that defense counsel did not respond to Plaintiff's January 2021 inquiry about "whether he would stipulate or oppose a stay."  (ECF No. 73, PageID.746.)

Second, Plaintiff supports his request with three exhibits:  (1) the Michigan Supreme Court's January 5, 2021 "Order Allowing Notice of Filing to Extend Filing Period in Michigan Supreme Court and Michigan Court of Appeals;" (2) the Michigan Supreme Court's January 30, 2021 "Order Allowing Notice of Filing to Extend Filing Period in Michigan Supreme Court and Michigan Court of Appeals, and Extending Request for Appellate Counsel Deadline;" and, (3) the Michigan Department of Corrections February 2, 2021 Memorandum to the ICF Prisoner Population titled, "ICF Callouts on Pause."  (ECF No. 73, PageID.749-753.)  The latter, in particular, lends support to Plaintiff's claim that he is prejudiced by "non-access to his legal materials . . ." and an inability "to effectively litigate this

case[.]" (ECF No. 73, PageID.746-747.)  Plaintiff's assertion that he is currently housed in Administrative Protective Custody at ICF, seemingly with no idea "as to when, if ever, [he] will be classified to general population[,]" (ECF No. 73, PageID.746), may also be significant.

Third, Plaintiff is not dilatory in bringing his concerns to the Court's attention.  It appears that Plaintiff transferred to ICF in January 2020.  (ECF No. 55.)  Presumably with reference to ICF, Plaintiff contends that "[t]he lock-down has persisted since March 2020[,] leaving Plaintiff without access to his legal materials."  (ECF No. 73, PageID.745.)  Plaintiff's filings related to his April 1, 2020 motion to appoint counsel question his ability to effectively litigate (*e.g.*, alleging denial of access to his needed legal property or to the law library, *etc.*), although these allege reasons seemingly unrelated to the COVID-19 pandemic. (ECF No. 56, PageID.614; ECF No. 57, PageID.626; ECF No. 60, PageID.664). Later, in an October 30, 2020 filing, Plaintiff explained that "[o]n October 21, 2020 MDOC Officials at the [ICF] declared an indefinite 'lockdown' as a severe COVID-19 outbreak manifest[ed] at the facility."  (ECF No. 71, PageID.732; *see also* ECF No. 68, PageID.718.)  As Plaintiff alleges in the instant motion, he "continues to be impeded and obstructed from his case files (*i.e.*[,] legal materials) and unable to conduct any type of legal research[h], discovery, and/or other legal

5

litigation as MDOC officials have ordered lock-down status (no prisoner movement or access to services)." (ECF No. 73, PageID.745.)

Finally, Plaintiff has not been dilatory with the instant request. At the point Plaintiff filed the instant motion to stay proceedings (ECF No. 73), discovery was still open, *i.e.*, Plaintiff submitted his request before March 15, 2021. Thus, Plaintiff made his request known during the process of gathering information, rather than waiting until the process of briefing or responding to dispositive motions.

### E. Order

Upon consideration, Plaintiff's March 1, 2021 motion to stay proceedings (ECF No. 73) is **GRANTED**. The present action is **STAYED** until Plaintiff has the access he needs to engage in this litigation. No later than **Monday, June 14, 2021**, Plaintiff *and* Defendants must each file an update that informs the Court on the status of Plaintiff's ability to litigate while confined (*i.e.*, whether Plaintiff is confined in a facility that is on a pandemic-related shutdown, whether Plaintiff remains in protective custody, *etc.*). Upon review of such updates, the Court will either lift the stay, continue the stay, or schedule a conference with the parties to discuss appropriate action.

**IT IS SO ORDERED.**

Dated: April 12, 2021

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE