UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD DONALD BURLEY,

        Plaintiff,

v.

MICHELLE WILLIAMS-WARD,
RANDALL HAAS,
GEORGE STEPHENSON,
JENKINS-GRANT, and
CAROLYN WILLIAMS,

        Defendants.

_____/

Case No. 2:18-cv-12239
District Judge George Caram Steeh
Magistrate Judge Anthony P. Patti

## ORDER DENYING SEVERAL MOTIONS AND ADDRESSING OBJECTIONS TO EXHIBITS (ECF Nos. 90, 93, 95, 98, 99)

Among the motions currently pending before this Court is the MDOC Defendants' motion for summary judgment (ECF No. 85), as to which Plaintiff has filed a response (ECF No. 94) and Defendants have filed a reply (ECF No. 96). Before entering a report and recommendation on this dispositive motion, which will be done under separate cover, the Court first addresses several related, non-dispositive motions.

1

    **A.**     **Plaintiff's March 1, 2022 motion to strike Defendants' motion for summary judgment based on non-compliance with local court rules (ECF No. 90)**

Defendants filed a response on March 17, 2022. (ECF No. 92.) Upon consideration, Plaintiff's motion (ECF No. 90) is **DENIED**. First, although Plaintiff correctly notes not only my Practice Guidelines requirement of "a table of contents for briefs over ten pages[,]" but also the absence of a table of contents in Defendants' brief in support, Defendants did provide a "concise statement of issues presented" and "controlling or most appropriate authority," as required by E.D. Mich. LR 7.1(d)(2) (ECF No. 85, PageID.811-812), and the "statement of facts," "argument" and subsections, and "conclusion" are clearly labeled (*id.*, PageID.813-845). The Court does not intend to turn this litigation into a game of "gotcha." Second, to the extent Plaintiff argues Defendants needed to seek leave *before* filing their 33-page brief in support (*id.*), rather than seeking leave for excess pages *concurrently* (ECF No. 84), the Court's February 22, 2022 text-only order has already admonished the parties that "lengthy extensions should not be presumed, as happened here, in this case or any other going forward."[1] Finally, while Plaintiff claims Defendants' February 18, 2022 motion is untimely, based on Fed.

---

[1] At the same time the Court granted Defendants an additional ten pages, it did the same for Plaintiff. Still, on February 28, 2022, Plaintiff sought to exceed the 25-page limit by 15 pages (ECF No. 91); the Court later granted this motion *nunc pro tunc* (ECF No. 108) and agreed to accept Plaintiff's 32-page summary judgment response brief (ECF No. 94).

R. Civ. P. 56(b) ("Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery."), the Court's February 4, 2021 text-only order expressly set the dispositive motion deadline for February 18, 2022.  For these reasons, the Court will neither strike Defendants' motion for summary judgment nor, as Plaintiff alternatively requests, "conduct a conference on this matter so the parties may be heard." (ECF No. 90, PageID.939.)

### B. Plaintiff's March 29, 2022 motion for leave to file a "sur-reply" (ECF No. 98)

On March 29, 2022, Plaintiff filed a motion for leave to file a "sur-reply" to Defendants' response (ECF No. 92) to Plaintiff's motion (ECF No. 90) to strike Defendants' motion for summary judgment (ECF No. 85).  (ECF No. 98.)  Upon consideration, Plaintiff's motion (ECF No. 98) is **DENIED**.  Preliminarily, Plaintiff did not need leave to file a *reply*, which is actually what he sought to do. More to the point, Plaintiff seeks to respond to Defendants' argument that "[t]here are no grounds for striking Defendants' motion under the Federal Rules of Civil Procedure[,]" namely Defendants' statement that their "motion for summary judgment is not a pleading . . . ." (*see* ECF No. 92, PageID.953-955).  However, as set forth above, that is not the basis upon which the Court denies Plaintiff's motion to strike.  In fact, notwithstanding Plaintiff's argument about *Black's Law Dictionary's* definition of "pleading," a motion for summary judgment is not a

3

pleading as that term is defined in Fed. R. Civ. P. 7(a). The Court hardly needs more briefing on that issue.

    **C.    Plaintiff's March 16, 2022 motion to strike the Williams-Ward and Stephenson declarations (ECF No. 95) and Objections to Defendant's Exhibits (ECF No. 93)**

    **1.  Motion to strike (ECF No. 95)**

Defendants have filed a response. (ECF No. 97.) Upon consideration, Plaintiff's motion (ECF No. 95) is **DENIED**. Defendant first argues that the Williams-Ward declaration (ECF No. 85, PageID.905-908) and the Stephenson declaration (*id.*, PageID.909-911; ECF Nos. 87-88) are based on the original complaint (ECF No. 1) rather than the amended complaint (ECF No. 49). (ECF No. 95, PageID.1039, 1041.) However, defense counsel (Assistant Attorney General O. G. Joseph Paul Reasons) responds that Williams-Ward and Stephenson were sent the "amended complaint" and offers to provide "a declaration or affidavit . . . that clarifies [Williams-Ward and Stephenson] reviewed the 'amended complaint[.]'" (ECF No. 97, PageID.1069.)

Plaintiff also argues that Stephenson's declaration directly contradicts earlier testimony and attempts to fabricate a "sham fact issue[,]" in support of which he cites *Aerel, S.R.L. v. PCC Airfoils, L.L.C.*, 448 F.3d 899 (6th Cir. 2006).[2] (ECF

---

[2] "[A] district court deciding the admissibility of a post-deposition affidavit at the summary judgment stage must first determine whether the affidavit directly contradicts the nonmoving party's prior sworn testimony. . . . If . . . there is no

No. 95, PageID.1040-1041.)  To this end, Plaintiff compares:  (1) Stephenson's Thursday, April 21, 2016 reply to prisoner correspondence, which notes, "I will call you out Monday [presumably April 25, 2016] to discuss this issue[,]" (ECF No. 95, PageID.1049); (2) Stephenson's November 29, 2021 response that he "lacks sufficient knowledge or information to admit or deny" that he "personally called Plaintiff Burley to [his] office and spoke to him about the complaint-of-harassment of M. Williams[,]' (ECF No. 95, PageID.1052);³ (3) Stephenson's February 22, 2022 declaration that he did not "treat Burley differently," nor did he "threaten him with an 'up-north' transfer because he made complaints or filed grievances against staff[,]" (*id*., PageID.1048 ¶ 5); (4) Plaintiff's January 13, 2022 deposition testimony about his meeting with Stephenson (*id*., PageID.859); and, perhaps even (5) Plaintiff's March 1, 2022 declaration about meeting with Stephenson (ECF No. 94, PageID.1000-1004).  (ECF No. 95, PageID.1040, 1043-

---

direct contradiction, then the district court should not strike or disregard that affidavit unless the court determines that the affidavit 'constitutes an attempt to create a sham fact issue.'"  *Aerel, S.R.L.*, 448 F.3d at 908 (referencing *Franks v. Nimmo*, 796 F.2d 1230, 1237 (10th Cir. 1986)).

³ Plaintiff suggests "information was available to [Stephenson] via the institutional records . . . relating to MRF [itineraries]."  (ECF No. 95, PageID.1040 ¶ B; *see also id*., PageID.1043-1045.)  However, any challenge to Stephenson's November 29, 2021 discovery response should have been raised in a related discovery motion, and that deadline has passed.  (*See*:  (a) ECF No. 18, PageID.80, § III; (b) Nov. 4, 2021 Text-Only Order; and, (c) Judge Patti's Practice Guidelines for "Discovery and Discovery Motions".)

1045.)  However, Plaintiff had the opportunity in his March 14, 2022 response to address any inconsistencies in these pieces of evidence, as well as to challenge the veracity or "selective memory" of Stephenson's February 22, 2022 declaration. (ECF No. 95, PageID.1045.)

Finally, the Court declines Plaintiff's requests to consider "imposing sanctions on Defendants and counsel" and "recruiting pro bono counsel for plaintiff as extraordinary circumstances exist . . . ."  (ECF No. 95, PageID.1041.) Plaintiff has since filed a motion for sanctions against Defendants and their counsel (ECF No. 104), the Court has twice addressed Plaintiff's motions for the appointment of counsel – once in 2019 and once in 2020 (*see* ECF Nos. 50 and 53, ECF Nos. 56 and 64).  Plaintiff's brief request for recruitment of pro bono counsel does not inform the Court why it should "request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1).

### 2. Objections (ECF No. 93)

One day after signing his 32 page response to Defendants' motion for summary judgment (ECF No. 94), Plaintiff separately submitted "objections" to their summary judgment exhibits on a variety of grounds, including, *inter alia*, improper authentication, reference to the original complaint (before it was amended), inadmissibility of evidence and contradictions with earlier sworn testimony.  The bases for these objections all should and could have been

addressed in his extended summary judgment brief, and permitting this additional filing effectively extends his summary judgment response even further and without leave. Whatever objections he had to these exhibits, or inconsistencies in the record he wanted to point out, should have been addressed in his response brief. Nonetheless, his objections are relatively short, and Fed. R. Civ. P. 56(c)(2) permits a respondent to object "that material cited to support or dispute a fact cannot be presented in a form that would be permissible in evidence." The Court will, accordingly, consider the issues raised in these objections as part of Plaintiff's summary judgment response, rather than rule upon them separately.

> **D.** **Plaintiff's April 8, 2022 motion for leave to file a sur-reply regarding Defendants' motion for summary judgment (ECF No. 99)**

Plaintiff seeks leave to file a sur-reply to Defendants' reply (ECF No. 96) to Plaintiff's response (ECF No. 94) to Defendants' motion for summary judgment (ECF No. 85). Upon consideration, Plaintiff's motion (ECF No. 99) is **DENIED**. Preliminarily, Defendants filed their motion (ECF No. 85), Plaintiff filed a response (ECF No. 94), and Defendants filed a reply (ECF No. 96). These are the matters permitted under E.D. Mich. LR 7.1(d)(1) ("Briefs Required and Permitted.") As set forth in my Motion Practice Guidelines, "[a]dditional briefing, including sur-replies, will NOT be permitted unless requested by the Court." (*See* www.mied.uscourts.gov.)

Moreover, Plaintiff's observations are unavailing.  First, considering his March 14, 2022 response (ECF No. 94), Plaintiff challenges the timeliness of Defendants' March 30, 2022 reply (ECF No. 96).  E.D. Mich. LR 7.1(e)(2)(B) ("If filed, a reply brief supporting such a motion must be filed within 14 days after service of the response, but not less than 3 days before the motion hearing.").  (ECF No. 99, PageID.1076 ¶ 1.)  While it does appear Defendants' reply was two days tardy, this would not, alone, provided a basis for permitting a sur-reply.

Second, Plaintiff claims there are "several new submission/arguments in their reply," to which he "has not [had] [an] opportunity to respond . . . ."  (*Id.*, PageID.1096 ¶ 2.)  Although "sur-replies . . . may be allowed in the appropriate circumstances, especially '[w]hen new submissions and/or arguments are included in a reply brief, and a nonmovant's ability to respond to the new evidence has been vitiated[,]'" *Key v. Shelby Cnty.*, 551 F. App'x 262, 265 (6th Cir. 2014) (quoting *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 481 (6th Cir.2003)), Defendants' reply makes multiple references to specific pages of Plaintiff's response.  (ECF No. 96, PageID.1055, 1057, 1059 (citing ECF No. 94, PageID.983, 1001, 1019-1024, 969).)  In other words, it appears to be a true "reply."

Third, Plaintiff questions the propriety and veracity of Defendants' reply, noting, *inter alia*, that *ad hominem* attacks "are a violation of the Court's Statement of Civility in the Local Rules . . . [,]" and defense counsel should be "advised to

8

stop[,]" *Armengau v. Warden, London Corr. Inst.*, No. 2:19-CV-1146, 2021 WL 5339503, at *2 (S.D. Ohio Oct. 14, 2021). (*Id.*, PageID.1076 ¶ 3, 1077-1078.) However, the Court's quick review of Defendants' reply, which makes references to, *inter alia*, Plaintiff's "ever-changing" story, "pattern of changing facts . . . [,]" and "changing stories," (ECF No. 96, PageID.1058-1060), appears to be zealous advocacy as opposed to a violation of this Court's Civility Principles.[4]

Finally, to the extent Plaintiff requests a hearing as permitted by E.D. Mich. LR 7.1(f) (ECF No. 99, PageID.1079), it is unnecessary.

**IT IS SO ORDERED.**[5]

Dated: August 22, 2022

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[4] This Court's Civility Principles "are included as an Appendix to the Local Rules of the United States District Court for the Eastern District of Michigan." *See, e.g.,* Administrative Order No. 08-AO-009 (http://www.mied.uscourts.gov/PDFFIles/08-AO-009.pdf).

[5] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).