UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD DONALD BURLEY,

    Plaintiff,

v.

MICHELLE WILLIAMS-WARD,
RANDALL HAAS,
GEORGE STEPHENSON,
REGINA JENKINS-GRANT, and
CARYLON WILLIAMS,

    Defendants.
_____/

Case No. 18-12239

Hon. George Caram Steeh

ORDER ADOPTING REPORT AND
RECOMMENDATION (ECF NO. 115)

On September 8, 2022, Magistrate Judge Anthony P. Patti filed a report and recommendation proposing that the court grant in part and deny in part the MDOC Defendants' motion for summary judgment. The court granted Plaintiff Edward Burley, a pro se prisoner, additional time to submit objections, which he did on October 11, 2022.

With respect to reports and recommendations from magistrate judges, this court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The court "may accept, reject

- 1 -

or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

In general, Burley alleges that Defendants impeded his right to access the courts by refusing to process his legal mail, and retaliated against him for filing complaints. Burley's access to courts, retaliation, and equal protection claims arise under the First and Fourteenth Amendments. The magistrate judge recommends that the court grant Defendants' motion for summary judgment in part, with certain claims against Michelle Williams-Ward, Carylon Williams, and George Stephenson surviving. ECF No. 115 at PageID 1345-46.

Burley lodges several objections to the report and recommendation, which the court will address in turn. In Objection 1, Burley objects to the characterization of his First Amendment claim as based upon a refusal to process legal mail, noting that his claim encompasses the denial of access to a witness (Christopher Snow) and other violations. The magistrate judge did not limit his review solely to the refusal to process legal mail, however, and did address Burley's claim that he was not provided Snow's contact information. ECF No. 115 at PageID 1308-1309. Burley does not identify any issues that the magistrate judge failed to address and his objection is not well taken.

In Objections 2 and 3, Burley contends that the magistrate judge failed to give liberal construction to his filings, or provide reasonable inferences in his favor, particularly when the magistrate judge deemed certain arguments or claims "unclear." Although Burley is entitled to a liberal reading of his filings as a pro se litigant, he nonetheless must support his claims with evidence at the summary judgment stage of the proceedings. *See Arucan v. Cambridge E. Healthcare/Sava SeniorCare LLC*, 347 F. Supp. 3d 318, 336 (E.D. Mich. 2018) ("[A] party's status as a *pro se* litigant does not alter the duty on a summary judgment motion to support the party's factual assertions with admissible evidence."). It is not the court's role to clarify or construct arguments or evidence in support of a pro se litigant's claims.

In Objection 4, Burley objects to the magistrate judge's conclusion that he alleges a Fourteenth Amendment claim only against Michelle Williams-Ward, and argues that he alleged that all of the named defendants violated his Fourteenth Amendment rights. The magistrate judge determined that the allegations against Carylon Williams, Randall Haas, and George Stephenson were not "sufficiently specific." ECF No. 115 at PageID 1321 n.8. Burley does not address this finding or explain how the magistrate judge erred.

In Objection 5, Burley argues that his access to courts claim should encompass that he was "chilled" in re-opening his habeas case and that he was prevented from accessing a witness, Christopher Snow. In order to support an access to courts claim, Burley must demonstrate an "actual injury," that is, Defendants' actions hindered his ability to pursue a non-frivolous claim. *See Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999). The magistrate judge determined that the injury resulting from his inability to contact Snow is "not clear" ECF No. 115 at 1309. Indeed, although Burley was unable to take discovery from Snow, he has not articulated the actual injury he suffered as a result. Similarly, the magistrate judge determined that Burley did not present sufficient detail regarding any injury with regard to his habeas case. ECF No. 115 at PageID 1313. The magistrate judge did not err in concluding that Burley failed to demonstrate an actual injury, which is his burden at this stage of the proceedings.

In Objection 6, Burley objects to the magistrate's conclusion that his retaliation claim against C. Williams is "too vague and unsupported to be cognizable." The court agrees, however, that Burley did not provide evidence of retaliatory motive and that he may not rely upon conclusory allegations at the summary judgment stage. The standards allowing for reasonable inferences to read in favor of the non-movant and for liberal

construction of pro se filings do not permit the court to overlook a lack of evidence. The magistrate judge did not err in this regard.

In Objection 7, Burley objects to the magistrate judge's conclusion that his First Amendment retaliation claim against Haas was "conjecture." The court agrees, however, that this claim is unsupported, particularly with regard to Haas's retaliatory motive.

In Objection 8, Burley objects to the magistrate judge's determination that he comes "nowhere close to showing" discrimination based upon race or religion. ECF No. 115 at PageID 1325-27. Burley argues that the magistrate judge merely sided with Defendants on this point, without support from the record. However, it is Burley's burden to support his discrimination claims by providing evidence that adverse actions were taken against him because of his race or religion. The court agrees with the magistrate judge that Burley has failed to present such evidence.

In Objection 9, Burley asserts that the magistrate judge considered evidence to which he objected and which is inadmissible, including the Declaration of Williams-Ward, Stephenson Affidavit, and log book evidence. He does not specifically identify, however, how the magistrate judge erred by considering this evidence and how he was prejudiced. Further, in considering this evidence, the magistrate judge properly viewed

the facts in the light most favorable to Burley or noted that disputed facts are "fodder for trial." ECF No. 115 at PageID 1312-13, 1319 n.6, 1337-38.

In Objection 10, Burley objects to the magistrate judge's reliance on statistics regarding the number of prisoner petitions filed in 2015, arguing that he does not have the ability to "verify" them. ECF No. 115 at PageID 1328. These statistics were taken from the United States Courts website, reporting Civil Judicial Facts and Figures.[1] Burley has not provided a basis to question these statistics, which were cited to demonstrate that prisoner litigation is "exceedingly common." This is hardly a controversial proposition and Burley has failed to demonstrate that the magistrate judge erred in this regard.

Having reviewed the record, the court agrees with Magistrate Judge Patti's comprehensive and well-reasoned analysis and recommendation. Therefore, IT IS HEREBY ORDERED that Plaintiff's objections are OVERRULED and the report and recommendation (ECF No. 115) is ACCEPTED and ADOPTED as the order of the court.

---

[1] *See* https://www.uscourts.gov/statistics/table/44/judicial-facts-and-figures/2020/09/30 (last accessed November 30, 2022).

IT IS FURTHER ORDERED that Defendants' motion for summary judgment (ECF No. 85) is GRANTED IN PART and DENIED IN PART, consistent with the report and recommendation.

Dated: December 1, 2022

                s/George Caram Steeh
                HON. GEORGE CARAM STEEH
                UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 6, 2022, by electronic and/or ordinary mail and also on Edward Donald Burley at Edward Donald Burley at 810 Martin Luther King Dr., Flint, MI 48502

s/Brianna Sauve
Deputy Clerk